UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ANDERSONS, INC.,

        Plaintiff,

v.                                Case No. 8:13-cv-3004-T-33MAP

ENVIRO GRANULATION, LLC, ET AL.,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendants Enviro Granulation, LLC, Plant Science, Inc., Harrell's, LLC and Enviro Granulation (ON) Ltd.'s Motion to Stay Pending Resolution of *Inter Partes* Reviews (Doc. # 100), filed on June 11, 2014. Plaintiff, The Andersons, Inc., filed a sealed Response in Opposition to the Motion (Doc. # 106) on June 30, 2014. For the reasons that follow, the Motion to Stay is granted.

**I.  Background**

On November 27, 2013, The Andersons, Inc. filed a Complaint alleging that Defendants make, sell, or offer to sell water-dispersible fertilizer products which infringe three patents held by The Andersons, Inc.[1]  The Andersons,

---

[1] The patents at issue are U.S. Patent Nos. 6,844,756; 8,435,321; and 8,574,631 (collectively, the "Patents-in-

1

Inc. refined its claims by filing an Amended Complaint (Doc. # 14) on January 2, 2014, and a Second Amended Complaint (Doc. # 82) on May 1, 2014.

The Court's Case Management and Scheduling Order established February 16, 2015, as the discovery deadline, and provided March 17, 2015, as the deadline for filing dispositive motions and briefs pursuant Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996). (Doc. # 57). The pretrial conference is set to take place on August 6, 2015, and a jury trial, estimated to take fourteen days to try, is scheduled during the Court's September, 2015, trial term. (Id.). The parties are scheduled to mediate on October 29, 2014, with Jay Cohen, Esq. presiding over the mediation. (Doc. # 99).

On June 11, 2014, Defendants Plant Science and Enviro Granulation (ON) LTD filed three petitions with the United States Patent Trial and Appeal Board seeking *inter partes* review of all claims of The Andersons, Inc.'s Patents-in-Suit.[2] Defendants request that the Court stay this action

---

Suit").

[2] The PTAB is an administrative adjudicatory body of the United States Patent and Trademark Office ("USPTO" or "PTO"). See 35 U.S.C. § 6.

pending the United States Patent Office's determination of whether to institute *inter partes* review. The Andersons, Inc. opposes the requested stay.

## II. *Inter Partes* Review

*Inter partes* review was created by Congress in the Leahy-Smith America Invents Act in response to perceived deficiencies in an older administrative proceeding called an *inter partes* reexamination. See generally 35 U.S.C. § 311-319. The *inter partes* review process, initiated on September 16, 2012, "is designed to improve upon the previous *inter partes* re-examination process by (1) reducing to 12 months the time the PTO spends reviewing validity, from the previous reexamination average of 36.2 months; (2) minimizing duplicative efforts by increasing coordination between district court litigation and *inter partes* review; and (3) allowing limited discovery in the review proceedings." Automatic Mfg. Sys. v. Primera Tech., No. 6:12-cv-1727-RBD-DAB, 2013 WL 6133763, at *2 (M.D. Fla. Nov. 21, 2013).

After a petition for *inter partes* review is filed, the patent owner has three months to submit a preliminary response. 35 U.S.C. § 313. Within three months of that date, the USPTO will institute a review if "there is a reasonable likelihood that the petitioner would prevail with respect to

3

at least 1 of the claims challenged in the petition." 35 U.S.C. § 314. Defendants explain that "as of September 16, 2013, the Patent Office had instituted *inter partes* review for 87% of all Petitions." (Doc. # 100 at 6).  According to Defendants, their petitions for *inter partes* review "present a substantial basis for invalidating each of the Patents-in-Suit. . . . Based on the materiality of the prior art, there is a high likelihood that the Patent Office will institute the *Inter Partes* review trial, and the Patents-in-Suit invalidated or materially narrowed." (Id. at 5).

### III. Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO" proceeding. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).  The party moving for a stay bears the burden of demonstrating that a stay is appropriate. See Landis v. N. Am. Co., 299 U.S. 248, 255 (1936). As acknowledged in Automatic Manufacturing Systems, Inc. v. Primera Technology, Inc., No. 6:12-cv-1727-RBD-DAB, 2013 WL 1969247, at *1 (M.D. Fla. May 13, 2013), "In patent cases, a number of courts reason that such stays should be liberally granted when there is a pending administrative proceeding pending before the USPTO." (citing Sabert Corp. v.

Waldington N. Am., No. 06-5423, 2007 WL 2705157, at *5 (D.N.J. Sept. 14, 2007)(highlighting the "liberal policy in favor of granting motions to stay proceedings" because review by the USPTO "might assist the court in making a validity determination or [] eliminate the need to make an infringement determination."); WABCO Holdings, Inc. v. Bendix Commercial Vehicle Sys., LLC, No. 09-3179, 2010 WL 2628335, at *2 n.2 (D.N.J. June 28, 2010)("the liberal policy towards stays . . . arises due to the potential waste in using a court's time and energy when a USPTO decision could drastically alter the nature of the case.")).

In determining whether to stay patent infringement litigation pending *inter partes* review, courts consider the following factors, among other individualized considerations: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay will reduce the burden of litigation on the participants or the court. Capriola Corp. v. Larose Indus., No. 8:12-cv-2346-T-23-TBM, 2013 WL 1868344, at *1 (M.D. Fla. March 11, 2013).  Courts also consider "whether discovery is complete and whether a trial date has been set." Roblor Mktg. Grp., Inc. v. GPS Indus., Inc., 633 F. Supp. 2d

1341, 1347 (M.D. Fla. 2008). As discussed below, in balancing these factors and considering the totality of the circumstances, the Court exercises its discretion to stay the case pending the outcome of Defendants' petitions for *inter partes* review.

## IV. Analysis

### A. Prejudice and Tactical Disadvantage

The Andersons, Inc. claims that it will suffer undue prejudice due to the delay attendant to any stay imposed by this Court pending *inter partes* review. While the Court acknowledges that the requested stay will necessarily delay The Andersons, Inc.'s day in court, any such delay is outweighed by the many advantages of *inter partes* review. In the procedurally similar case of Capriola, the court granted a stay pending *inter partes* review and noted the "concrete, numerous, and well-recognized benefits of resort to the PTO" as "(1) furthering judicial economy; (2) determining validity; (3) focusing the issues, defenses, and evidence; (4) developing the prior art and prosecution history; (5) obtaining the PTO's particular expertise; (6) encouraging settlement; and (7) reducing costs to the parties." 2013 WL 1868344, at *1 (citing Datatreasury Corp. v. Wells Fargo &

6

Co., 490 F. Supp. 2d 749, 754 (E.D. Tex. 2006)).[3] Even in the absence of these salutary effects, the Court notes that "delay in litigation, without more, generally does not demonstrate undue prejudice." Cascades Computer Innovation, LLC v. SK Hynix, Inc., No. 11-4356, 2012 WL 2086469, at *1 (N.D. Ill. May 25, 2012).

The Andersons, Inc. also opposes the requested stay on the grounds that it is in direct competition with Defendants, and any stay of the proceedings will allow Defendants to continue their allegedly infringing activities unabated. Defendants correctly counter that The Andersons, Inc. has not

---

[3] The noted benefit of obtaining the PTO's particular expertise is exceptionally relevant here. Defendants assert that the PTO will likely invalidate at least one of the Andersons, Inc.'s patents as follows: "with regard to claim 1 of US Patent No. 6,884,756, [the] Welshimer [reference] discloses all the claim limitations, including: 1) methylene urea (synonymous with urea-formaldehyde, as disclosed in the Welshimer reference); 2) a lignin derivative binder; 3) the particle having a mean particle domain size, and 4) contact with water causes the particle to disperse into 100 or more pieces." (Doc. # 100 at 2). The Andersons, Inc. counters that "The Defendants' motion [] neglects to inform the Court that the formaldehyde urea in the Welshimer reference comes from resin glue found in particleboard that is ground into wood flour. At most, the resin glue would comprise 1.5% of a particle--not the 10% the Defendants represent--and it is doubtful that the resin glue includes bioavailable nitrogen." (Doc. # 106 at 3). The parties' positions on this highly technical component of the case underscores the need for the PTO to exercise its expertise in evaluating the Patents-in-Suit and the relevant prior art.

7

sought a preliminary injunction and that any damages The Andersons, Inc. incurs may be remediated with money damages. See Tomco Equip. Co. v. SE Agri-Sys., Inc., 542 F. Supp. 2d 1303, 1308 (N.D. Ga. 2008)(rejecting the argument that plaintiff's damages "will intensify during a stay" because "the availability of money damages is sufficient to protect plaintiff from prejudice.").

In Tomco Equipment, the court noted that "prejudice may also arise when the party opposing the stay has other claims pending that are not dependent on the validity of the patent, but will nevertheless be put on hold during the stay." Id. That is not the case here, because The Andersons, Inc.'s operative complaint (Doc. # 82) contains only claims for patent infringement, and each of the Patents-in-Suit have been challenged by Defendants in the petitions for *inter partes* review.  Carefully balancing any prejudicial effect of a stay on The Andersons, Inc. against the many benefits of staying the case pending *inter partes* review, the Court finds that this factor militates in favor of staying the case as requested by Defendants.

    **B.**    **Judicial Economy and the Case's Procedural Posture**

Other relevant considerations included in the Court's calculus concern whether a stay will simplify the issues in

8

question; whether a stay will reduce the burden of litigation on the parties or the Court; and whether discovery is complete or a trial set. These factors also favor a stay of the proceedings.

The procedural posture of the case favors a stay of the litigation. Although the case was initiated on November 27, 2013, the operative complaint was not filed until May 1, 2014. (Doc. # 82). Defendants sought *inter partes* review and filed the present Motion to Stay roughly one month later. (Doc. # 100). In addition, Defendants have filed various motions to dismiss for lack of personal jurisdiction and improper venue as well as motions to transfer (Doc. ## 92, 94), which are not yet ripe for the Court's review. The discovery deadline is February 16, 2015, and Defendants represent that minimal discovery has taken place. (Doc. # 57, 100 at 3). With a trial set to occur more than one year from the present time, it is fair to say that this case is in its early stages. See Lederer v. Newmatic Sound Sys., Inc., No. 10-cv-271, 2011 WL 31189, at *3 (E.D.N.Y. Jan. 4, 2011) ("Cases are routinely stayed in the absence of substantial progress toward trial."); Roblor Mktg. Grp., Inc., 633 F. Supp. 2d at 1349 (granting motion to stay where jurisdictional motions to dismiss were pending); Bausch & Lomb, Inc. v. Rexall Sundown, Inc., 554 F.

Supp. 2d 386, 390 (W.D. N.Y. 2008)(granting stay even though case had been pending for over four years because only "limited discovery" had taken place and "substantial discovery and motion practice, including a likely Markman hearing, remain[ed] to be conducted."); Cf. Perricone v. Unimed Nutritional Servs., Inc., No. 3:01-cv-512, 2002 WL 31075868, at *3 (D. Conn. July 18, 2002)(denying a motion to stay pending patent reexamination proceedings initiated "late in the litigation . . . because the parties and the court have already completed the work necessary to determine the patent's validity.")

The Court agrees with Defendants that, absent a stay, the litigants and the Court will invariably expend significant time and resources "conducting discovery, engaging in claim construction and preparing for [trial]. A decision by the Patent Office to grant *inter partes* review of the Patents-in-Suit could render these efforts moot and cause the parties to considerably revamp their positions and take additional discovery." (Doc. # 100 at 20).

In addition, because each of the Patents-in-Suit have been challenged in Defendants' petitions for *inter partes* review, the PTO is in a position to significantly streamline and focus the issues to be decided by this Court.

As stated in Capriola, "if the PTO declines *inter partes* review, little time is lost, but if the PTO grants *inter partes* review, the promise is greater for an important contribution by the PTO to[ward] resolution of the governing issues in the litigation." 2013 WL 1868344, at *2.

In conclusion, the Court grants Defendants' Motion to Stay. The Clerk is directed to stay and administratively close this case. So that the Court may remain apprised of the status of the proceedings during the stay, the parties are directed to file a status report on November 14, 2014, and every ninety days thereafter until the proceedings before the PTO have concluded.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendants Enviro Granulation, LLC, Plant Science, Inc., Harrell's, LLC and Enviro Granulation (ON) Ltd.'s Motion to Stay Pending Resolution of *Inter Partes* Reviews (Doc. # 100) is **GRANTED.**

2. The Clerk is directed to **STAY AND ADMINISTRATIVELY CLOSE** this case pending resolution of Defendants' petitions for *inter partes* review of the Patents-in-Suit.

3. The parties are directed to file a status report with respect to the *inter partes* review process on or before

November 14, 2014, and every 90 days thereafter until the PTO proceedings have concluded.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>14th</u> day of August, 2014.

<i>/s/ Virginia M. Hernandez Covington</i><br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record