UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE ANDERSONS, INC.,

       Plaintiff,

v.                         Case No.  8:13-cv-3004-T-33MAP

ENVIRO GRANULATION, LLC,
et al.

       Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Defendant Enviro Granulation (ON) Ltd.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Defendants Enviro Granulation (ON) Ltd., Plant Science, Inc., and Harrell's Renewed Joint Motion to Transfer Venue to the Eastern District of Michigan (Doc. # 137), filed on February 20, 2015.  On April 15, 2015, Plaintiff The Andersons, Inc. filed a redacted response in opposition.  (Doc. # 158).  On April 17, 2015, Plaintiff filed a complete response under seal, with leave of Court.  (Doc. ## 157, 159, 161).  For the reasons that follow, the Motions are denied.

## I.  Background

In this patent infringement action, Plaintiff sues Enviro Granulation (ON), Ltd., a Canadian corporation ("EG Canada"), Plant Science, Inc., a Canadian corporation ("Plant Science"), and Harrell's LLC, a Florida limited liability company

("Harrell's").[1]   (Doc. # 82 at ¶¶ 3, 5, 6).   Plaintiff owns three patents relating to water-dispersible pellet fertilizer: U.S. Patent No. 6,884,756 (the '756 patent), U.S. Patent 8,435,321 (the '321 patent), and U.S. Patent No. 8,574,631 (the '631 patent).   (<u>Id.</u> at ¶¶ 16-18).   Plaintiff manufactures, offers for sale, and sells fertilizer products, including products under the trademark Contec DG®.   (<u>Id.</u> at ¶ 7).

Plaintiff alleges that EG Canada, Plant Science, and Harrell's (collectively, "Defendants") have directly infringed the three patents.   (<u>Id.</u> at ¶¶ 34-37).   Specifically, EG Canada manufactures a water-dispersible pellet fertilizer, which it sells to Plant Science.   (<u>Id.</u> at ¶¶ 19, 22).   Plant Science, in turn, sells the product in the Middle District of Florida, including under the name Tru-Prill.   (<u>Id.</u> at ¶¶ 22-23).   In particular, Plant Science sells the product to Harrell's for distribution and resale.   (<u>Id.</u> at ¶ 24).

On May 19, 2014, Defendants filed motions substantially similar to the Motions now pending before this Court.   (<u>See</u> Doc. # 94).   On August 14, 2014, this Court stayed the case,

---

[1] Plaintiff initially sued two additional defendants.   On March 17, 2014, this Court severed and transferred Plaintiff's claims against Ferti Technologies, Inc., pursuant to a joint unopposed motion.   (Doc. ## 54, 55).   On April 7, 2015, Plaintiff dismissed Defendant Enviro Granulation LLC, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. (Doc. # 154).

pending resolution of three petitions for <u>inter</u> <u>partes</u> review filed by EG Canada and Plant Science before the United States Patent Trial and Appeal Board ("PTAB"). (Doc. # 116). After the PTAB denied the petitions and requests for rehearing, this Court lifted the stay on February 10, 2015. (Doc. ## 119, 128, 129).

On February 20, 2015, Defendants refiled the instant Motions. (Doc. # 137). EG Canada requests dismissal for lack of personal jurisdiction and improper venue, pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure. (<u>Id.</u> at 13-20). Alternatively, Defendants jointly request that this case be transferred to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a). (<u>Id.</u> at 20-32).

The Court first addresses EG Canada's Motion to Dismiss for lack of personal jurisdiction, and then turns to the Motions pertaining to venue. For the reasons that follow, the Motions are denied.

## II.  **Personal Jurisdiction**

### A.  **Legal Standard**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a party may move to dismiss for lack of personal jurisdiction, which is governed by a two-part analysis. First, the Court determines whether the plaintiff has alleged facts sufficient to subject the defendant to the applicable state long-arm statute. <u>Future Tech. Today, Inc. v. OSF</u>

3

Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir. 2000). Second, the Court examines whether sufficient minimum contacts exist between the defendant and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. Id. In patent infringement actions, the law of the Federal Circuit governs the due process inquiry. Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1361 (Fed. Cir. 2006).

The plaintiff has the initial burden of establishing a prima facie case of personal jurisdiction. Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." Id. at 1269 (internal quotation marks omitted). If the defendant submits affidavits to the contrary, the burden "shifts back to the plaintiff to produce evidence supporting jurisdiction unless those affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Id. If the evidence conflicts, "the court must construe all reasonable inferences in favor of the plaintiff." Id.

**B.  Analysis**

**1.   Florida's long-arm statute**

Florida's long-arm statute is satisfied when a defendant

4

commits a tortious act in Florida. Fla. Stat. § 48.193(1)(a)(2). In addition, a defendant may be subject to personal jurisdiction based on the commission of a tort outside of Florida, if the tort causes injury in Florida. Posner v. Essex Ins. Co., 178 F.3d 1209, 1216-17 (11th Cir. 1999). Patent infringement constitutes a tort within the meaning of the statute. Kemin Foods, L.C. v. Omniactive Health Techs., Inc., 654 F. Supp. 2d 1328, 1333 (M.D. Fla. 2009).

The Second Amended Complaint alleges that EG Canada "has directly infringed the '756, '321, and '631 patents by making, selling and offering to sell water-dispersible pellet fertilizer products including products branded under the name Tru-Prill." (Doc. # 82 at ¶ 34). Plaintiff contends that EG Canada sells the fertilizer to Plant Science, as part of a regular and established distribution channel, which, in turn, sells the product in the Middle District of Florida, including to Harrell's. (Id. at ¶¶ 22-24).

In connection with the instant Motion, EG Canada submits the Declaration of Willis Horst, EG Canada's current Chief Operating Officer. (Doc. # 137-1 ("Horst Dec.") at ¶ 2). Horst declares that the fertilizer products that EG Canada manufactures for third parties "are sold directly to numerous Enviro Granulation customers and distributors around the United States and worldwide; but none of those customers or

distributors are located in Florida." (Id. at ¶¶ 7, 10).
Horst further declares that EG Canada has no other connection
with the state of Florida. (Id. at ¶¶ 18-28).

In response, Plaintiff maintains that there is evidence
that EG Canada manufactures and directly ships the accused
product to Florida. (Doc. # 161 at 6-7). During his
deposition, Horst testified:

> Q   Do you agree that [EG Canada] sells Tru-Prill
> to Plant Science?
>
> A   Yes
>
> Q   Do you agree that [EG Canada] ships Tru-Prill
> to Florida?
>
> A   Yes
>
> Q   Do you agree that [EG Canada] has shipped Tru-
> Prill to Florida on multiple occasions?
>
> A   Yes
>
> Q   Do you agree that Plant Science has instructed
> [EG Canada] to ship Tru-Prill to Harrell's in
> Florida on more than one occasion?
>
> A   Yes
>
> Q   Do you agree that you are aware that at least
> some of the Tru-Prill fertilizer that [EG Canada]
> has manufactured for Plant Science was sold to
> Harrell's in Florida?
>
> A   Yes

(Id., Exh. 4 at 85). Plaintiff also submits business records
from EG Canada documenting 16 shipments of Tru-Prill to

Lakeland, Florida. (<u>Id.</u>, Exh. 1 at 1-11).[2]

Taking the reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has met its burden to demonstrate commission of a tort in Florida, by virtue of EG Canada's alleged shipment of infringing goods directly into Florida. <u>See</u> <u>Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.</u>, 395 F.3d 1275, 1280 (Fed. Cir. 2005) (holding that tortious injury occurs where the infringing product is sold). Accordingly, Plaintiff satisfies the first part of the personal jurisdiction inquiry.

## 2. <u>Due process</u>

The Court next inquires as to whether the exercise of personal jurisdiction comports with due process, which requires that a defendant have "minimum contacts" with the forum state, "such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>Breckenridge Pharm., Inc.</u>, 444 F.3d at 1362 (internal quotation marks omitted). The Federal Circuit has established a three-prong test, which examines whether: "(1) the defendant purposefully directed its activities at

---

[2] The Court acknowledges that Exhibits 1 and 4, in addition to other material cited in this Order, were filed under seal. (<u>See</u> Doc. # 159). The information referenced in this Order does not involve material that could put Defendants at a competitive disadvantage or otherwise invade Defendants' legitimate privacy interests, and the Court declines to extend the seal to this Order.

residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." Id. at 1363.

The Court finds that the first requirement is satisfied because EG Canada purposefully directed its activities to Florida. Taking the inferences in Plaintiff's favor, EG Canada did more than simply place its goods in the stream of commerce; the evidence discussed above indicates that EG Canada sent 16 shipments directly to Florida. See Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564 (Fed. Cir. 1994) (holding that presence of 52 allegedly infringing fans in Virginia reflected an ongoing and intentional relationship with Virginia retailers and customers).

As to the second factor, the Court finds that Plaintiff's claim arises out of EG Canada's contacts with Florida. Specifically, Plaintiff's patent infringement claim is based on EG Canada's "making, selling and offering to sell" the accused products. (Doc. # 82 at ¶¶ 19, 22, 34). Here, EG Canada's contacts with Florida include shipping the accused products to Florida. (Doc. # 161, Exh. 4 at 85).

As to the third factor, EG Canada conclusorily asserts that, because it "has no contacts whatsoever with the forum, no further discussion is required as to this prong." (Doc. # 137 at 19). EG Canada has the burden of proof as to this

8

prong, and it "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable under the five-factor test articulated by the Supreme Court." Breckenridge Pharm., Inc., 444 F.3d at 1363 (internal quotation marks omitted)(citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–77 (1985)). By failing to discuss the relevant factors, EG Canada fails to discharge its burden.

Further, this Court's consideration of the factors does not suggest that the exercise of jurisdiction over EG Canada would be unreasonable. The relevant factors are: (1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the states in furthering fundamental substantive social policies. Breckenridge Pharm., Inc., 444 F.3d at 1367.

Here, Florida has an interest in adjudicating this dispute because it involves allegedly infringing products that were sold in Florida, and Florida has a strong motivation to protect its citizens from the ills of patent infringement. Beverly Hills Fan Co., 21 F.3d at 1568. Plaintiff has a corresponding interest in protecting its patents against infringement in Florida. Synthes (U.S.A.) v. G.M. Dos Reis

Jr. Ind. Com de Equip. Medico, 563 F.3d 1285, 1300 (Fed. Cir. 2009). Further, as detailed in the next section, Plaintiff has a significant corporate presence in this state, including its Southern Region Management Department, Administration Department and Marketing Department, four fertilizer plants and distribution centers, and 68 employees. (Doc. # 161, Exh. 5 ("Hodges Dec.") at ¶¶ 8, 10-11). Plaintiff also characterizes Florida as one of the largest markets for its patented Contec DG® products. (Id. at ¶ 6).

As to the burden on the defendant, EG Canada argues – in connection with the Motion to Transfer Venue to the Eastern District of Michigan — that all of its relevant evidence and witnesses are located in Canada. Nonetheless, it is well-settled that "progress in communications and transportation has made the defense of a lawsuit in a foreign tribunal less burdensome." Beverly Hills Fan Co., 21 F.3d at 1569 (internal quotation marks omitted). EG Canada's status as a foreign corporation does not, by itself, demonstrate an unfair burden. See Newsome v. Gallacher, 722 F.3d 1257, 1273 (10th Cir. 2013) (holding that there was no particular burden to the defendant simply based on the need to travel from Canada); Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found., 297 F.3d 1343, 1356 (Fed. Cir. 2002) (same).

As to the final two factors, there is no indication that litigation in the Middle District of Florida would be any less

efficient than an alternative forum, as discussed in the next section. <u>Touchcom, Inc. v. Bereskin & Parr</u>, 574 F.3d 1403, 1418 (Fed. Cir. 2009).  Likewise, the shared interests of the states in furthering fundamental substantive social policies, including protection of intellectual property rights, favors exercising jurisdiction.  <u>Synthes (U.S.A.)</u>, 563 F.3d at 1300.

Based on the foregoing, the Court finds that this is not the rare case "in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum." <u>Beverly Hills Fan Co.</u>, 21 F.3d at 1568.  Accordingly, the Court holds that the exercise of personal jurisdiction over EG Canada comports with due process.

## III. <u>Venue</u>

EG Canada also moves to dismiss for improper venue, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  (Doc. # 137 at 19-20).  In a patent infringement action, venue lies "in the judicial district in which a defendant resides," or in which "the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  Under the patent venue statute, a corporate defendant "resides" in a district in which it is subject to personal jurisdiction.  <u>VE Holding Corp. v. Johnson Gas Appliance Co.</u>, 917 F.2d 1574, 1583 (Fed.

11

Cir. 1990). Because EG Canada is subject to personal jurisdiction in Florida, EG Canada "resides" in Florida. Trintec Indus., Inc., 395 F.3d at 1280. EG Canada's Rule 12(b)(3) Motion is therefore denied.

Alternatively, EG Canada, Plant Science, and Harrell's jointly move to transfer venue to the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a). For the reasons explained below, that Motion is also denied.

## A.   Legal Standard

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any other district court in which the action could have originally been filed, "[f]or the convenience of parties and witnesses." Section 1404(a) gives a district court discretion "to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation marks omitted).

Courts consider the following factors in determining whether to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9)

12

> trial efficiency and the interests of justice,
> based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir.
2005).   As the movants, Defendants bear the burden of
establishing that the Eastern District of Michigan is a more
convenient forum.   In re Ricoh Corp., 870 F.2d 570, 573 (11th
Cir. 1989).

**B.  Analysis**

As a threshold matter, the Court must consider whether
this action could have been brought in the Eastern District of
Michigan.   An action could have been brought in a proposed
transferee court if: (1) the court has subject matter
jurisdiction, (2) venue is proper, and (3) the defendant is
amenable to process.   Windmere Corp. v. Remington Prods.,
Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985).

As to the first factor, it is undisputed that the Eastern
District of Michigan would have subject-matter jurisdiction
for this patent infringement action, pursuant to 28 U.S.C.
§§ 1331 and 1338.   As to the second factor, Defendants
maintain that venue would be proper in the Eastern District of
Michigan because Plant Science and EG Canada are foreign
corporations and because Harrell's should not have been part
of the original action as a mere customer.   (Doc. # 137 at
21).  Defendants do not, however, specifically address whether
they would be subject to personal jurisdiction in Michigan,

13

sufficient to fulfill the first prong of the patent venue statute, 28 U.S.C. § 1400(b), nor do Defendants admit to a regular and established place of business in Michigan, under the second prong. (See Doc. # 137 at 21). To the extent that Defendants consent to waive objections to venue in Michigan (Id. at 21), the Court notes that venue may not be waived in order to obtain a transfer under § 1404(a). Hoffman v. Blaski, 363 U.S. 335, 343-44 (1960); Del Monte Fresh Produce Co. v. Dole Food Co., 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001).

Even had Defendants demonstrated that the threshold inquiry is met, the Court finds that a balancing of the relevant factors weighs against transferring this case to the Eastern District of Michigan.

### 1.  **Weight accorded Plaintiff's choice of forum**

As a general rule, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996) (internal quotation marks omitted). However, "where a plaintiff has chosen a forum that is not its home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper." Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp., 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007). "Additionally, where

the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." <u>Motorola Mobility, Inc. v. Microsoft Corp.</u>, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011) (internal quotation marks omitted); <u>Suomen Colorize Oy v. DISH Network L.L.C.</u>, 801 F. Supp. 2d 1334, 1338 (M.D. Fla. 2011).

Defendants argue that Plaintiff's choice of forum is entitled to little or no weight because the Middle District of Florida is not Plaintiff's home forum, and because the facts of this case have no meaningful connection to this District. (Doc. # 137 at 22).  In response, Plaintiff concedes that it is an Ohio corporation, but asserts that it has a substantial corporate presence in Florida, and that Florida is one of the largest markets for its Contec DG® product.  (Doc. # 161 at 19-20; Hodges Dec. at ¶¶ 6-11).  Plaintiff also points out that Harrell's is located in this District.  (Doc. # 161 at 20).  As a result, Plaintiff argues that this is not a case of forum-shopping.  (<u>Id.</u> at 19).

Because the Middle District of Florida is not Plaintiff's home forum, the Court finds that Plaintiff's choice of forum is not entitled to great weight.  The Middle District of Florida is not, however, without a meaningful and legitimate connection to the parties and operative facts, as discussed below.  As a result, the Court gives Plaintiff's choice of

15

forum some weight.  Cf. In re Microsoft Corp., 630 F.3d 1361, 1364 (Fed. Cir. 2011) (declining to honor plaintiff's choice of forum where connections were "made in anticipation of litigation and for the likely purpose of making that forum appear convenient").

> **2.  Convenience of witnesses and parties, location of relevant documents, and relative ease of access to sources of proof**

"[A]side from the plaintiff's own choice of forum, the most important factor in passing on a motion to transfer under § 1404(a) is the convenience of the witnesses."  Bartronics, Inc. v. Power-One, Inc., 510 F. Supp. 2d 634, 637 (S.D. Ala. 2007) (internal quotation marks and alteration omitted); Motorola Mobility, Inc., 804 F. Supp. 2d at 1276 (noting that convenience of the witnesses is given more weight than convenience of the parties).  The number of identified witnesses is not determinative; the relevant concern is the substance and materiality of the witnesses' testimony.  Id. at 1276-77; Cellularvision Tech. & Telecomms., L.P., 508 F. Supp. 2d at 1190.

In a patent infringement action, the majority of the witnesses are likely to originate with the defendant. Brandywine Commuc'ns Techs., LLC v. AT & T Corp., No. 6:12-cv-283, 2012 WL 1658810, at *3 (M.D. Fla. Apr. 25, 2012). Likewise, "the bulk of the relevant evidence usually comes

16

from the accused infringer," and "the place where the defendant's documents are kept weighs in favor of transfer to that location." <u>Suomen Colorize Oy</u>, 801 F. Supp. 2d at 1339 (internal quotation marks omitted).

Defendants argue that the convenience of the parties and witnesses, as well as location of relevant documents and sources of proof, weigh in favor of transfer to the Eastern District of Michigan. (Doc. # 137 at 23-27). In particular, Rob Field, the current President of Plant Science, declares that all of Plant Science's relevant documents are located in Canada, including documents pertaining to the original formulation, research and development of the accused products, and documents relating to Plant Science's marketing, sales, finances, sample products, business records, and record-keeping procedures. (Doc. # 137-2 ("Field Dec.") at ¶¶ 2, 12, 15). Field also states that all of Plant Science's employees live in Canada, including both himself and Stephen Hewgill, who are both equipped to testify about the formulation, research, development, sales, marketing and other business-related issues concerning the accused products. (<u>Id.</u> at ¶¶ 13, 16).

Similarly, as to EG Canada, Horst declares that all of its documents regarding the joint-research, co-development, and manufacture of its fertilizer products are maintained in Canada, including documents relating to production,

17

manufacturing, finances, sample products, marketing, sales, business records, and record-keeping procedures. (Horst Dec. at ¶¶ 12, 15). Horst further declares that all of EG Canada's employees live in Canada, including the employees who worked on the joint-research, co-development, and manufacture of its fertilizer products. (Id. at ¶ 13). Horst specifically names himself, as well as Orleon Martin, EG Canada's President and founder, and John Dunn, the Plant Manager, as equipped to testify about research, development, sales, marketing, and other business-related issues. (Id. at ¶ 16).

Based on the Declarations of Field and Horst, Defendants argue that the "vast majority" of documents and witness are "in or around" the Eastern District of Michigan. (Doc. # 137 at 23, 27). As a result, Defendants maintain that it would be more convenient for the witnesses to drive to the Eastern District of Michigan than to travel to the Middle District of Florida, and that the burden and cost of transporting documentary and physical evidence would likewise be reduced. (Id. at 24, 26). Defendants argue that Plaintiff, "having no significant connection to this district," would also find it more convenient to litigate in Michigan, which is closer to Plaintiff's physical location in Ohio. (Id. at 24). Indeed, Defendants note that the inventors listed on the patents-in-suit live in or around Ohio. (Id. (citing Doc. ## 82-1 at 2;

82-2 at 2; 82-3 at 2)).[3]

In response, Plaintiff observes that Defendant has not identified a single Michigan resident who is likely to be a witness. (Doc. # 161 at 15). On the other hand, Plaintiff's Vice President of the Southern Region of the Plant Nutrient Group, Joseph Hodges, submits a Declaration stating that Florida residents have personal knowledge about the facts and circumstances of this action, including how Defendants came to make and sell the accused product, how Harrell's approached Plaintiff to inquire about purchasing Plaintiff's product before soliciting Plant Science and EG Canada to make and sell the accused product, and how sales of the accused product have damaged Plaintiff. (Hodges Dec. at ¶¶ 24-25). Hodges declares that eleven Florida residents are likely to be called: Jack Harrell, the CEO of Harrell's, Matt Shook, the Vice President of Sales and Marketing for Harrell's, and nine of Plaintiff's employees, including Hodges, five territory managers, the pricing and administrative manager for the Southern Region, and two operations supervisors. (Id. at ¶ 26).

Additionally, Plaintiff argues that Defendants do not point to a single document located in Michigan. (Doc. # 161

---

[3] Although Defendants do not cite current evidence regarding the residence of these witnesses (Doc. # 137 at 24), Plaintiff does not dispute their residence(See Doc. # 161 at 15-17).

at 17).   By contrast, Plaintiff maintains that, because Harrell's is headquartered in the Middle District of Florida, its corporate documents are undoubtedly located here — a point that Defendants do not specifically address in the instant Motion. (Id.; Doc. # 137 at 25-27).  Moreover, Hodges declares that "a substantial number" of Plaintiff's own relevant documents are located in Florida, including marketing, shipping, and sales documents for Plaintiff's patented product. (Hodges Dec. at ¶ 27).  Plaintiff further contends that no party will be unduly burdened by the location of their business records, given the modern conveniences of air travel, shipping, and data storage.  (Doc. # 161 at 18); see Grail Semiconductor, Inc. v. Stern, No. 12-60976-civ, 2013 WL 2243961, at *4 (S.D. Fla. May 21, 2013) (explaining that overnight shipping and the ability to electronically scan and send documents reduces the burden of remote documentary evidence).

As to the location of the parties, Defendants contend that Plaintiff's principal place of business is located 20 miles from the Eastern District of Michigan, and that EG Canada and Plant Science are in "close proximity" to the Eastern District of Michigan. (Doc. # 137 at 18).  Although Defendants also maintain that lead counsel for both sides in located in Michigan, the convenience of litigation counsel is not relevant.  In re Volkswagen AG, 371 F.3d 201, 206 (5th

20

Cir. 2004); <u>Solomon v. Cont'l Am. Life Ins. Co.</u>, 472 F.2d 1043, 1047 (3rd Cir. 1973).

In response, Plaintiff correctly notes that no party is a resident of Michigan, and that Harrell's is, in fact, a resident of Florida. (Doc. # 161 at 18; Doc. # 82 at ¶ 6). Although Defendants argue that Harrell's was not involved in the design, development, formulation, or manufacturing of the accused product (Doc. # 137 at 25; Field Dec. at ¶ 20), this Court has previously explained — in denying Harrell's motion to stay — that Harrell's is alleged to be more than a peripheral customer-retailer. (Doc. # 112 at 2-3). Specifically, Plaintiff alleges that Harrell's, a direct competitor, first attempted to buy Plaintiff's patented product and then sought out the accused product from Plant Science under a private label agreement. (Doc. # 112 at 3; <u>see</u> <u>also</u> Doc. # 161, Exh. 2 at ¶¶ 8-14).

Based on the foregoing, the Court finds that the factors relating to the convenience of the parties and witnesses, and access to relevant documents and sources of proof, do not weigh in favor of transfer. The Court agrees with Defendants that the majority of relevant witnesses and evidence as to EG Canada's and Plant Science's design, development, manufacture, and sale of the accused products are located in Canada. On the other hand, Defendants identify no specific witnesses, parties, documents, or sources of proof located in the Eastern

District of Michigan.  By contrast, Harrell's  is located in
the Middle District of Florida, and Plaintiff identifies its
own relevant witnesses and documents in this District.

Under  these  circumstances,  "neither  forum  provides  a
clearly more convenient solution." <u>Omega Patents, LLC v. Lear
Corp.</u>, No. 6:07-cv-1422, 2009 WL 1513392, at *3 (M.D. Fla. May
27,  2009);  <u>see</u>  <u>In  re  Genentech,  Inc.</u>,  566  F.3d  1338,  1344
(Fed.  Cir.  2009)  (noting  that  foreign  defendants  would  be
required  to  travel  in  any  event,  and  that  witnesses  in  the
chosen venue would be inconvenienced by travel to the proposed
venue).   It  is  well-settled  that  §  1404(a)  "provides  for
transfer  to  a  more  convenient  forum,  not  to  a  forum  likely  to
prove  equally  convenient  or  inconvenient."   <u>Omega  Patents,
LLC</u>, 2009 WL 1513392, at *3 (quoting <u>Van Dusen v. Barrack</u>, 376
U.S.  612,  645-646  (1966)).   For  this  reason,  the  Court  finds
that  these  factors  do  not  weigh  in  favor  of  transfer.

   **3.**   <u>**Locus of operative facts**</u>

"[I]n  patent  cases,  the  preferred  forum  is  the
defendant's place of business as that usually constitutes the
center of gravity of the alleged patent infringement." <u>Suomen
Colorize Oy</u>, 801 F. Supp. 2d at 1338 (internal quotation marks
omitted); <u>Trace-Wilco, Inc. v. Symantec Corp.</u>, No. 08-80877-
CIV,  2009  WL  455432,  at  *2-3  (S.D.  Fla.  Feb.  23,  2009).  In
particular,   "[t]he   design,   development,   marketing,
manufacture,  and  sale"  of  an  accused  product  will  be  the

primary issues in a patent infringement action.  <u>Polyform</u>
<u>A.G.P. Inc. v. Airlite Plastics Co.</u>, No. 4:10-cv-43, 2010 WL
4068603, at *5 (M.D. Ga. Oct. 15, 2010).

For the reasons discussed in the preceding section,
Defendants argue that the locus of operative facts is "in or
around" the Eastern District of Michigan. (Doc. # 137 at 27).
Defendants also maintain that, although the accused products
are sold in the Middle District of Florida, that factor is not
entitled to weight where, as here, the accused products are
sold nationwide. (<u>Id.</u> at 27-28).

In response, Plaintiff iterates its previous points:
(1) Florida is one of the largest markets for Plaintiff's
patented product (Doc. # 161 at 18; Hodges Dec. at ¶ 6), and
(2) Florida is home to Harrell's, which is selling the accused
products in direct competition with Plaintiff. (Doc. # 161 at
18). In particular, one of Plaintiff's territory managers,
Timothy McKenna, declares that a golf community in the Middle
District of Florida began using Tru-Prill due to its lower
price point. (Doc. # 161, Exh. 6 ("McKenna Dec.") at ¶¶ 4-5).
Another golf and country club in the Middle District of
Florida intermittently uses Plaintiff's product, but mainly
uses Tru-Prill because of the lower price point. (<u>Id.</u> at
¶ 7). McKenna avers that representatives from Harrell's and
Plant Science gave another country club, also located in the
Middle District of Florida, samples of Tru-Prill to try

23

instead of Plaintiff's product.  (Id. at ¶ 8).

For the reasons stated in the preceding section, the Court finds that this factor is effectively neutral.  There is no evidence that the accused products were designed, developed, or manufactured in this District, but the accused products were also not designed, developed, or manufactured in the Eastern District of Michigan.  Harrell's, by contrast, is located in Florida, and Plaintiff and its patented product have a substantial connection to this District.

**4.   Availability of compulsory process**

Defendants concede that the Eastern District of Michigan would have no more subpoena power over ex-employees of Plant Science and EG Canada than would the Middle District of Florida.  (Doc. # 137 at 28).  On the other hand, Defendants argue that the Eastern District of Michigan "might" have subpoena power over the prosecuting attorneys or Plaintiff's ex-employees.  (Id.).

In response, Plaintiff maintains that Jack Harrell, Jr., a key witness for Plaintiff, will be out of the Eastern District of Michigan's subpoena power, but is within this Court's subpoena power.  (Doc. # 161 at 19); Laing v. BP Exploration & Prod. Inc., No. 8;13-cv-1041, 2014 WL 4059870, at *2 (M.D. Fla. Aug. 14, 2014) (explaining that, under Rule 45(c)(1)(B) of the Federal Rules of Civil Procedure, a party's officer must meet designated criteria to be subpoenaed).

Defendants do not address or dispute Jack Harrell's amenability to process in the Eastern District of Michigan. (<u>See</u> Doc. # 137 at 21).

The Court finds that this factor weighs slightly in favor of Plaintiff's chosen forum. Although Defendants argue that certain witnesses "might" be within the subpoena power of the Eastern District of Michigan, Defendants do not identify those witnesses or the substance of their testimony, nor do Defendants demonstrate that the witnesses will actually be amenable to process in Michigan. (Doc. # 137 at 28). By contrast, Plaintiff represents that a key witness is readily available in this District, but not in the proposed transferee District. (Doc. # 161 at 19).

### 5. <u>Remaining factors</u>

The Middle District of Florida and the Eastern District of Michigan have equal familiarity with the governing law, as Plaintiff brings only one claim for relief, pursuant to federal patent law. (Doc. # 82); <u>In re TS Tech USA Corp.</u>, 551 F.3d 1315, 1319-20 (Fed. Cir. 2008). In addition, the parties cite no concerns regarding delay, administrative difficulties, or prejudice in either venue. <u>Id.</u> For instance, Defendants state that the average time to trial in both the Middle District of Florida and the Eastern District of Michigan is over 20 months. (Doc. # 137 at 31). Additionally, this Court has not issued substantive rulings — the claims have not been

25

construed and no dispositive motions have been filed.  Thus, contrary to Plaintiff's suggestion (Doc. # 161 at 19), the Court does not find that existing familiarity with this case weighs significantly in favor of the instant forum.

Defendants do not address the relative means of the parties, and there is no indication that this factor would weigh in favor of transfer.  (Doc. # 137 at 29; Doc. # 161 at 19).  Both sides, however, assert that their respective forum has a special interest in this litigation.  As already discussed, Plaintiff maintains that it has a substantial presence in Florida, and that Florida provides one of the largest markets for its products.  (Doc. # 161 at 18-20).  By contrast, Defendants assert that Plaintiff has at least one fertilizer plant in Michigan, and that Michigan is "close" to the locations of Plaintiff, EG Canada, and Plant Science. (Doc. # 137 at 29-30).  As a result, Defendants contend that the people of Michigan have a "unique local interest in determining whether [Plaintiff has] a protectable intellectual property right."  (Id. at 30).

Nonetheless, Defendants fail to show that there is any meaningful or "unique" interest actually located in Michigan. (Id. at 29-30).  Defendants also neglect to acknowledge Plaintiff's connections to the Middle District of Florida. (Id.).  The Court finds that the Middle District of Florida has a greater local interest in hearing the dispute, which

26

weighs in favor of retaining venue. <u>Motorola Mobility, Inc.</u>, 804 F. Supp. 2d at 1275.

Based on a case-specific assessment of the relevant factors, the Court holds that Defendants have not demonstrated that the Eastern District of Michigan would be a more convenient venue.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**: Defendant Enviro Granulation (ON) Ltd.'s Renewed Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Defendants Enviro Granulation (ON) Ltd., Plant Science, Inc., and Harrell's Renewed Joint Motion to Transfer Venue to the Eastern District of Michigan (Doc. # 137) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of April, 2015.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record